**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRYAN ARMSTRONG and ) | |
| DARICE ARMSTRONG, ) | |
| ) | No. 14 C 878 |
| Plaintiffs, ) | |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| JP MORGAN CHASE BANK, N.A., ) | |
| CITY OF CHICAGO and FIREFLY ) | |
| LEGAL, INC., ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs contend that JP Morgan Chase Bank N.A,, City of Chicago and Firefly Legal, Inc. violated, conspired to violate, and failed to stop the violation of plaintiffs' constitutional rights. The City and Firefly[1] have filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b). For the reasons set forth below, the Court grants the motions and terminates this case.

### Background

**Mortgage Foreclosure Suit**

In 2011, JP Morgan filed a mortgage foreclosure suit in state court against plaintiffs and various lien holders, including the City of Chicago. (*See* Firefly Mem. Supp. Mot. Dismiss, Ex. A,

---

[1]The Court's docket shows that JP Morgan was never served. Since its has been more than 120 days since the complaint was filed, and plaintiffs have not sought or been granted an extension of time for service, the Court dismisses JP Morgan from this suit pursuant to Rule 4(m).

Am. Compl., *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260 (Cir. Ct. Cook Cnty.).)[2] In its amended complaint, JP Morgan alleged that it was entitled to foreclose the mortgage on plaintiffs' property at 3216 West Fulton Boulevard in Chicago because they had not made the required loan payments. (*Id.* ¶ 3j.)

Thereafter, the state court granted JP Morgan's motion to appoint Firefly as special process server. (*See* Firefly Mem. Supp. Mot. Dismiss, Ex. B, 11/24/10 Order, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260 (Cir. Ct. Cook Cnty.).) Between March 8, and 22, 2011, a Firefly employee made twelve unsuccessful attempts to serve plaintiffs at their property, 3216 West Fulton Boulevard, and at a family member's home, 1823 N. Oak Park Avenue in Chicago. (*See id.*, Grp. Ex. C, Aff. Special Process Server, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260 (Cir. Ct. Cook Cnty.).) On April 26, 2011, JP Morgan served plaintiffs by publication. (*See id.*, Ex. F, Cert. Publication, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260 (Cir. Ct. Cook Cnty.).)

On August 29, 2012, the state court entered an order of default and judgment of foreclosure. *See* Case Information Summary, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260, http://www.cookcountyclerkofcourt.org/ (follow "On-line Case Information" hyperlink, then "Electronic Full Case Docket Search" hyperlink, then "Search By Case Number," 2011 CH 08260).

In December 2012, plaintiffs filed a motion to quash service of process, which the court denied. (*See* Firefly Mem. Supp. Mot Dismiss, Ex. G, Mot. Quash & Order Denying Mot. Quash, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260 (Cir. Ct. Cook Cnty.).)

---

[2]As discussed, *infra*, the Court can consider state court records in determining these motions.

In January 2013, JP Morgan filed a motion to approve sale of the property. *See* Case Information Summary, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260, http://www.cookcountyclerkofcourt.org/ (follow "On-line Case Information" hyperlink, then "Electronic Full Case Docket Search" hyperlink, then "Search By Case Number," 2011 CH 08260). Thereafter, plaintiffs appeared and filed a motion to deny approval, arguing that they had never been served. (*See* Firefly Mem. Supp. Mot. Dismiss, Ex. H, Defs.' Mot. Deny Approval Sale, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260 (Cir. Ct. Cook Cnty.).) Ultimately, the court denied the motion, and on December 18, 2013, confirmed the sale. (*See id.*, Ex. J, Order Approving Report of Sale and Distribution, Confirming Sale Order Possession, *JP Morgan Chase Bank N.A. v. Armstrong*, No. 11 CH 008260 (Cir. Ct. Cook Cnty.).)

**Building Code Suit**

In April 2012, while the foreclosure suit was pending, the City filed a separate lawsuit in state court for an order requiring plaintiffs to remedy various building code violations at the 3216 West Fulton property. (*See* City Mem. Supp. Mot. Dismiss, Ex. C, Compl., *City of Chi. v. Armstrong*, No. 12 M1 401040 (Cir. Ct. Cook Cnty.).) Between August 12, and November 12, 2013, plaintiffs removed the building code case to this Court four time, and it was remanded back to state court each time. *See* Remand Order [Dkt. #10], *City of Chi. v. Armstrong*, 13 C 5727 (N.D. Ill.); Remand Order [Dkt. #9], *City of Chi. v. Armstrong*, 13 C 6693 (N.D. Ill); Remand Order [Dkt. #11], *City of Chi. v. Armstrong*, 13 C 7431 (N.D. Ill.); Remand Order [Dkt. #14], *City of Chi. v. Armstrong*, 13 C 8096 (N.D. Ill). The building code case is still pending in state court. *See* Case Information Summary, *City of Chicago v. Armstrong*, No. 12 M1 401040,

http://www.cookcountyclerkofcourt.org/ (follow "On-line Case Information" hyperlink, then "Electronic Full Case Docket Search" hyperlink, then Search "By Defendant Name," Bryan Armstrong).

**Discussion**

In determining a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court "'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (quoting *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979)). In determining a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court may only consider the complaint, "[the] documents incorporated into [it] by reference, and matters [subject to] judicial notice." *Facebook, Inc. v. Teachbook.com LLC*, 819 F. Supp. 2d 764, 770 (N.D. Ill. 2011) (quotation omitted); *see Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (noting that court records are subject to judicial notice).

Plaintiffs' first claim is that defendants violated their constitutional rights by filing false documents in the foreclosure suit, which enabled JP Morgan to obtain the foreclosure judgment. (*See* Compl. ¶¶ 10, 12.) They ask the Court to enjoin enforcement of the state court's judgment pending this Court's review. (*See* Pls.' Mot. Prelim. Inj. ¶ 1 [Dkt. #30] & Addendum Compl. [Dkt. #33].)[3]

---

[3]On May 13, 2014, the Court granted plaintiffs' oral motion to construe their motion for preliminary injunction [Dkt. #30] and the affidavits and addendum attached to it [Dkt. ## 31-33] as their response to defendants' motions to dismiss. (*See* 5/13/14 Minute Entry [Dkt. # 34].)

However, this Court has no authority to take the action plaintiffs request. *See Crestview Vill. Apartments v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 555 (7th Cir. 2004) (stating that "inferior federal courts [are prohibited] from reviewing state court decisions"). In fact, the only federal court with authority to review a state court judgment is the U.S. Supreme Court. *Id.* Accordingly, the Court grants Firefly's motion to dismiss and dismisses plaintiffs' foreclosure suit claim for lack of subject matter jurisdiction.

Plaintiffs' second claim is that the City violated their rights by citing inapplicable statutes in the building code suit against plaintiffs. (Addendum Compl. ¶¶ 11-13 [Dkt. #33].) The City contends that the Court should abstain from exercising jurisdiction over this claim pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The Court agrees. "*Younger* generally requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007). The *Younger* doctrine "requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). Such is the case here. The building code proceeding is judicial in nature, it implicates the important state interests of public health and safety, and there are no circumstances that militate against abstention. Moreover, because the building code suit is still pending the state court has jurisdiction over civil rights claims, plaintiffs can raise this claim in that suit. Accordingly, the Court grants the City's motion to dismiss and dismisses plaintiffs' building code suit claim pursuant to *Younger*.

**Conclusion**

For the reasons set forth above, the Court: (1) dismisses JP Morgan from this suit pursuant to Rule 4(m); and (2) grants Firefly and the City's motions to dismiss [Dkt. ## 22 & 26] and dismisses without prejudice the claims plaintiffs assert against them. This case is terminated.

**SO ORDERED.**  **ENTERED: June 11, 2014**

_____
**HON. RONALD A. GUZMAN
United States District Judge**